IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GERALD DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-025 |
| | ) | |
| WARDEN S. EMMINS, Johnson State Prison; DEPUTY WARDEN T. JEFFERSON, J.S.P.; DEPUTY WARDEN C. PRICE, J.S.P.; HEALTH SERVICES ADMINISTRATION, name unknown, J.S.P.; DR. SEWARD, MD, J.S.P.; PA ANDREWS BODI, aka PA BODI, J.S.P.; NURSE WHITNEY CLAXTON, Medical Department, J.S.P.; NURSE HALL, Medical Department, J.S.P.; SERGEANT HOBBY, Medical Department, J.S.P.; NURSE SUTTON, Medical Department, J.S.P.; NURSE BAILEY, Mental Health Department, J.S.P.; FNU SCRUTCHEN, Mental Health Counselor, J.S.P.; FNU LISIECKI, Mental Health Counselor, J.S.P.; DR. SPALDING, Mental Health Director, J.S.P.; GEORGIA DOC, Ombudsman, Old Tift College; GEORGIA CORRECTIONAL HEALTHCARE; All Defendants, Jointly and Severally in their Individual and Professional Capacity; MR. CRICKMAR, Custodial Warden Only, HOMER BRYSON[1], Georgia Department of Corrections Commissioner, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Hays State Prison ("HSP") in Trion, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events at Johnson State Prison ("JSP"). Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. Background

In his complaint, Plaintiff names as Defendants fourteen employees of JSP, the Georgia Department of Corrections, Georgia Correctional Healthcare, and his current custodial warden Mr. Crickmar. (Doc. no. 1, p. 1.) Plaintiff later amended his case to add Homer Bryson as a defendant.[1] (Doc. no. 14.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 31, 2016, Plaintiff filed this § 1983 action in the Northern District of Georgia alleging (1) mistreatment by medical professionals at JSP, particularly surrounding insulin treatments for Plaintiff's diabetes; (2) deliberate indifference to Plaintiff's sores on his face, neck and back; (3) being denied Wellbutrin, a medication; and (4) medical health professionals intentionally tampered with one of Plaintiff's blood samples. (Doc. no. 1.) Plaintiff further alleges prison officials at JSP retaliatorily transferred him to HSP because of his complaints about medical care. (Id.) Because events giving rise to Plaintiff's claims took place in Wrightsville, Georgia, the Northern District transferred the case to this Court. (Doc. no. 3.)

Plaintiff has subsequently filed a multitude of amendments, exhibits, and affidavits.

---

[1] The Court **DIRECTS** the **CLERK** to add Defendant Homer Bryson to the docket.

Plaintiff first filed an amended complaint purporting to add Homer Bryson as a Defendant "to be inserted into Plaintiff's suit after Page 1 and before Page 2." (Doc. no. 4, p. 2.) Plaintiff then filed another amendment asking for a jury trial and an appointed lawyer. (Doc. no. 12.) At the Court's prompting, Plaintiff requested his civil case numbered CV 315-028 be combined with the present case because he intended to amend his complaint to add Defendant Homer Bryson rather than open a new case. (Doc. no. 14.) Plaintiff then filed his complaint in CV 315-028 as an amended complaint in this case, asking "to be allowed to forego each and every Defendant claim by Plaintiff, [sic] they are in the body of the suit" because "[t]his case is so complicated and long." (Doc. no. 16, p. 4.) Plaintiff also filed an exhibit supporting his claims surrounding insulin treatments (doc. no. 8), an affidavit alleging the removal of files from his medical records (doc. no. 18), and an affidavit from a fellow prisoner supporting his claim of retaliatory transfer (doc. no. 19).

### B.  Leave to Amend Complaint.

Here, Plaintiff's allegations across multiple complaints and other documents do not allow the Court to conduct a meaningful initial review of his complaint. Plaintiff has filed seven documents amending his original complaint, adding exhibits to his original or amended complaints, or otherwise altering his claims. (See doc nos. 1, 4, 8, 12, 14, 16, 18, 19.) These documents interweave different claims against different defendants in a loosely connected manner, making it difficult to discern who is being sued and for what. (See id.) Furthermore, in his most recent amended complaint, Plaintiff attempts to "forgo each and every Defendant claim, [sic] they are in the body of the suit." (Doc. no. 16, p. 4.) Such incorporation by reference of previously submitted claims or papers is forbidden. See O'Connor v. Carnahan, No.

3

3:09CV224/WS/EST, 2009 WL 3712316, at *1 (N.D. Fla. Nov. 3, 2009). Finally, Plaintiff's amendments violate the prohibition against piecemeal amendment by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Taking all these deficiencies together, the Court is unable to adequately review Plaintiff's complaint.

The Court recognizes Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure the pleading deficiencies outlined above by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within twenty-one days of the date of this Order.[2] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal of case where plaintiff failed to heed pleading instructions from court to re-draft complaint to make more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages). If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint, which **MUST** be filed in accordance with the following instructions.

## II. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed

---

[2] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

4

by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[3] Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall

---

[3]For example, Plaintiff should not simply state, "See attached documents."

state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 22nd day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA