IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GERALD DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-025 |
| | ) | |
| HOMER BRYSON, Georgia Department of | ) | |
| Corrections Commissioner; S. EMMINS, | ) | |
| Warden, Johnson State Prison (J.S.P.); T. | ) | |
| JEFFERSON, Deputy Warden, J.S.P.; C. | ) | |
| PRICE, Deputy Warden, J.S.P.; HEALTH | ) | |
| SERVICES ADMINISTRATOR, J.S.P.; DR. | ) | |
| SEWARD, MD, J.S.P.; ANDREWS-BODI, | ) | |
| aka PA BODI, J.S.P.; WHITNEY | ) | |
| CLAXTON, Nurse, J.S.P.; FNU HALL, | ) | |
| Nurse, J.S.P.; FNU HOBBY, Nurse, J.S.P.; | ) | |
| FNU SUTTON, Nurse, J.S.P.; FNU BAILEY, | ) | |
| Nurse (Mental Health), J.S.P.; FNU | ) | |
| SCRUTCHENS, Mental Health Counselor, | ) | |
| J.S.P.; FNU LISIECKI, Mental Health | ) | |
| Counselor, J.S.P.; DR. SPALDING, | ) | |
| Mental Health Director, J.S.P.; GEORGIA | ) | |
| DOC OMBUDSMAN, Old Tift College; | ) | |
| GEORGIA CORRECTIONAL | ) | |
| HEALTHCARE; All Defendants, Jointly | ) | |
| and Severally in their Individual and | ) | |
| Professional Capacity, [1] | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

---

[1] The Court **DIRECTS** the Clerk to update the docket in accordance with the caption on this Report and Recommendation.

Plaintiff, an inmate incarcerated at Hays State Prison ("HSP") in Trion, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events at Johnson State Prison ("JSP"). Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.     SCREENING OF THE COMPLAINT

### A.     BACKGROUND

In his amended complaint, Plaintiff names as Defendants fourteen employees of JSP, the Georgia Department of Corrections, Georgia Department of Corrections Commissioner Homer Bryson, and Georgia Correctional Healthcare. (Doc. no. 21, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 31, 2016, Plaintiff filed this § 1983 action in the Northern District of Georgia alleging (1) mistreatment by medical professionals at JSP, particularly surrounding insulin treatments for Plaintiff's diabetes; (2) deliberate indifference to Plaintiff's sores on his face, neck and back; (3) being denied Wellbutrin, a medication; and (4) medical health professionals intentionally tampered with one of Plaintiff's blood samples. (Doc. no. 1.) Plaintiff further alleges prison officials at JSP retaliatorily transferred him to HSP because of his complaints about medical care. (Id.) As events giving rise to Plaintiff's claims took place in Wrightsville, Georgia, the Northern District transferred the case to this Court. (Doc. no. 3.)

Because Plaintiff filed a multitude of amendments, exhibits, and affidavits, the Court could not properly screen Plaintiff's claims and ordered Plaintiff to amend his complaint. (Doc.

no. 20.) Plaintiff filed his amended complaint on October 5, 2016. (Doc. no. 21.) In his amended statement of claim, Plaintiff lists each Defendant along with a brief conclusory statement or phrase. (See id. at 6.) Many of these phrases only contain the legal standard allegedly violated by the Defendant. (See id.) None of the claims allege facts describing Defendants' actions with any particularity. (See id.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure

does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff's Complaint Should Be Dismissed for Failure to Follow a Court Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

court has inherent power to dismiss a case for failure to prosecute . . . .").  Moreover,

dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff

has failed to comply with a court order, "especially where the litigant has been forewarned."

Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing

Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may

dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court provided Plaintiff explicit instructions on the method for amending

his complaint if he wanted to pursue this case, including the admonitions to include no more

than six handwritten pages; to not incorporate by reference any portion of a prior version of

his complaint; and to write the body of his complaint in sequentially numbered paragraphs

containing an explanation and dates of alleged misconduct, and names of defendants who

participated.  (See doc. no. 20, pp. 5-6.)  Although Plaintiff did adhere to the page limit for

handwritten additions and sequentially number his paragraphs in his October 5, 2016 filing,

he did not follow the Court's instruction to explain the alleged unconstitutional conduct of

Defendants.  (See id. at 5.) ("The numbered paragraphs in his amended complaint should

include information such as: (i) the alleged act. . . .")

Plaintiff fails to allege any facts to support his claims in his amended complaint.

Rather, Plaintiff states brief, often legal conclusions for each claim against each Defendant.

(See doc. no 21, p. 6.)  For example, in paragraph 4, Plaintiff alleges Defendant Price "[gave]

deleterious advice to Plaintiff, and orchestrat[ed] that advice, to make it come to fruition"

without alleging what the advice was or how Defendant Price violated his constitutional

rights.  (Id.)  Later, in paragraph 8, Plaintiff alleges Defendant Claxton committed

"deleterious acts with Plaintiff's blood, and deliberate indifference to plaintiff's serious medical needs [sic]." (Id.) Such conclusory allegations do not comply with the Court's instructions to explain Defendant's misconduct in his amendment. (See doc. no. 20, pp. 5-6; see also doc. no. 21, p. 6 ("State. . . the FACTS in your case. Describe how each defendant is personally involved in the depriving you of your rights.") (emphasis added).) Because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Accordingly, Plaintiff's case should be dismissed without prejudice for failing to follow the Court's instructions regarding amending his complaint.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA